1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  RAMIRO MUNOZ GARZA,                    )     1:07-cv-00252-AWI-TAG HC
                                         )
9                                        )     ORDER REQUIRING PETITIONER TO FILE
               Petitioner,               )     AMENDED PETITION
10                                       )
                                         )     ORDER DIRECTING CLERK OF COURT
11     v.                                )     TO SEND PETITIONER FORM FOR FILING
                                         )     PETITION PURSUANT TO 28 U.S.C. § 2254
12  UNKNOWN,                             )
                                         )
13                                       )
                                         )
14               Respondent.             )
    _____ )

15

16      Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ

17  of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court has conducted a preliminary review of the

18  Petition.

19                              **DISCUSSION**

20      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

21  of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

22  from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

23  Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court

24  will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A

25  preliminary review of the instant petition reveals that Petitioner may not have exhausted his state

26  court remedies, that Petitioner's claims are incomprehensible, that he has named an improper

27  Respondent, and that Petitioner has not provided sufficient information to permit an assessment

28  regarding whether he filed his petition beyond the applicable one-year statute of limitations period.

1

**I. Incomprehensible Claim**

Despite a careful review of the instant petition, the Court is simply unable to comprehend the nature of the claim or claims Petitioner is attempting to allege.  This is primarily due to the fact that Petitioner has failed to properly fill out the information required by the form petition.

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254 (a).  A petition for writ of habeas corpus must therefore specify the grounds for relief.  Rule 2(c) of the Rules Governing Section 2254 Cases.  The petition must also allege the facts surrounding the  petitioner's incarceration.  28 U.S.C. § 2242.  The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989).

In addition, a petition presented in *pro se* must be upon the form approved by the court.  Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190.  **This rule ensures that all information needed is before the Court**.  Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief.  If a petition contains no grounds entitling the petitioner to habeas corpus relief, the Court must dismiss the petition.  Rule 4 of the Rules Governing Section 2254 Cases.

Filing an incomplete form petition is inadequate, and requires the Court to expend considerable time and resources attempting to determine which claims Petitioner seeks to raise before this Court.  It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with Petitioner.[1]  The proper use of the form petition results in administrative convenience of benefit to both Petitioner and the Court.

Here, the form contained places for Petitioner to provide much-needed information on which the Court could conduct a preliminary review of the petition to determine whether it complies with jurisdictional requirements of federal law.  Petitioner neglected to provide any information whatever regarding when he was convicted and by what state court, or the circumstances and result of any

---

[1]Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

2

1  direct appeal, or whether he filed any collateral actions in the state courts prior to filing the instant

2  petition, or whether he has made any other efforts to exhaust his claims in state court.

3      Moreover, Petitioner's "claim" itself is incomprehensible. Petitioner alleges, "I'm appeal a

4  appeal because I did one never came back to me about my case if it got done." (Doc. 1, p. 3). In

5  support of that "claim," Petitioner alleges, "I'm appeal Appeal because I did a appeal never came

6  back to me. I need a appeal done I need all paper work for this appeal to go threw go to court and

7  win." (Id.). Under "supporting cases, rules, or other authority" Petitioner indicates, "I was hit by a

8  guy at a program sent to by court got into a fight...I fear for my life when a guy hit me so I hit back

9  and self defense fight I got the case at Fresno CA." (Id.).

10      From the foregoing "claim," and with the dearth of information provided by Petitioner, the

11  Court is unable to determine the nature of the claim Petitioner is attempting to allege. The Court

12  cannot even determine whether Petitioner is challenging a state court conviction, a revocation of

13  parole or probation, or a disciplinary proceeding while he was in custody. It is not the duty of federal

14  courts to try to second guess the meanings of statements and intentions of petitioners. Rather, the

15  duty is upon the individual who asserts a denial of his constitutional rights to come forth with a

16  statement *of sufficient clarity and sufficient supporting facts* to enable a court to understand his

17  argument and to render a decision on the matter.

18      Moreover, Petitioner does not allege "constitutional error" at any point in his filings. While

19  courts are obliged to liberally interpret pro se pleadings with leniency and understanding, this should

20  not place on the reviewing court the entire onus of creating a federal claim for the petitioner. A

21  petitioner in federal court cannot merely make a declaratory statement about his circumstances and

22  expect the court to explore all possible grounds under each article and amendment of the

23  Constitution that might be applicable.

24      Accordingly, Petitioner will be required to file an amended petition, using the form provided

25  by the Court, and will be required to fill out that form completely, using clear and precise language

26  to explain his claim or claims to this Court.

27  ///

28  ///

3

## II. Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*.  See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).  Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of*

*federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Here, the Court's inability to determine the nature of the federal claim or claims being raised by Petitioner makes it impossible to determine whether Petitioner has ever presented his claim or claims to the California Supreme Court.   If Petitioner has not presented his claim or claims to the California Supreme Court, the Court must dismiss the petition.  <u>See</u> <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997).  If Petitioner has presented his federal claim or claims to the California Supreme Court and simply neglected to inform this Court, Petitioner must inform the Court of when and where he presented the claim(s) and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  From the instant petition, this Court cannot determine whether Petitioner's claim or claims have ever been presented to the California Supreme Court; thus, the Court is unable to proceed to the merits of the petition.

### III.  Failure to Name a Proper Respondent

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992).  However, the chief officer in charge of state penal institutions is also appropriate.  <u>Ortiz-Sandoval</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  When a petitioner is on probation or parole, the proper respondent is his

1  probation or parole officer and the official in charge of the parole or probation agency or state

2  correctional agency.  Id..

3       In this case, Petitioner appears to have been incarcerated at the Wasco State Prison in Wasco,

4  California, at the time he filed the instant petition.  The individual in charge of that facility is P. L.

5  Vazquez.  If Petitioner has since been moved to another prison, he must name the warden of the

6  prison where he is presently confined.  "Unknown" is not the warden or individual in charge of the

7  institution where Petitioner is confined, and thus is not the person having day-to-day control over

8  Petitioner.

9       Petitioner therefore must file an amended petition, naming as Respondent the individual

10  responsible for day-to-day control over Petitioner. See, West v. Louisiana, 478 F.2d 1026, 1029 (5th

11  Cir. 1973), vacated in part on other grounds, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing

12  petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d

13  125 (9th Cir. 1968) (same).  Petitioner's failure to name his custodian as a respondent deprives this

14  Court of personal jurisdiction to consider his petition.  Stanley, 21 F.3d at 360; Dunne v. Henman,

15  875 F.2d 244, 249 (9th Cir. 1989).

16       **IV.  Statute of Limitations**

17       The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte*

18  and dismiss the petition on those grounds.  Herbst v. Cook, 260 F.3d 1039, 1042-44 (9th Cir. 2001)

19  (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations

20  that his petition is subject to dismissal pursuant to the applicable statute of limitations, petitioner has

21  the burden of providing an adequate response).

22       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

23  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

24  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

25  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).  The instant petition was filed on

26  February 9, 2007; thus, it is subject to the provisions of the AEDPA.

27  ///

28  ///

6

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner has failed to provide the Court with any information upon which a preliminary determination can be made whether Petitioner has complied with the one-year limitations period in the AEDPA. By failing to provide information on the form petition regarding the date of his conviction, the dates of any direct appeal, and the dates during which any state habeas petitions were pending, Petitioner has effectively foreclosed any assessment of whether the time requirements of the AEDPA have been met. Petitioner will be granted leave to file an amended petition so that Petitioner may include the specific dates on which state court collateral proceedings were pending so that the Court can ascertain with greater certainty whether the statute of limitations has expired with respect to Petitioner's claim.

///

///

///

7

1

## <u>ORDERS</u>

2           Accordingly, IT IS HEREBY ORDERED that:

3           1)  Petitioner is granted thirty (30) days from the date of service of this order to file an

4                 amended petition.  Petitioner must fill out the form petition in its entirety.  Petitioner

5                 must inform the Court what claims have been presented to the California Supreme Court

6                 as well as the dates when the California Supreme Court ruled on those claims.[2]

7           Petitioner is advised that the amended petition should be clearly entitled "Amended Petition

8 for Writ of Habeas Corpus."  Petitioner is advised that the petition must set forth his claim(s),

9 including all the facts and arguments in support of said claim(s).  With respect to any claims raised

10 in an amended petition, Petitioner must have presented those claims, either in his original state court

11 appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to

12 raising them in this Court.  It is Petitioner's responsibility to advise the Court in his amended petition

13 of the dates when the state courts ruled on the issues Petitioner raised.  The Court will not consider

14 the original petition.

15           Petitioner is forewarned that his failure to follow the foregoing Orders, including, without

16 limitation, his failure to file an amended petition in a timely fashion, will result in Findings and

17 Recommendations recommending that the petition be dismissed.

18

19 IT IS SO ORDERED.

20 Dated:  __**January 8, 2008**__                         __**/s/ Theresa A. Goldner**__

21 _____                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

---

26      [2]In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C.

27 § 2244(d)(1).  As mentioned, the limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court.  However, it is not tolled for the time a *federal* petition is pending in federal court.  <u>Duncan v. Walker</u>, 121

28 S.Ct. 2120 (2001).