1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

8  RAMIRO MUNOZ GARZA,                )    1:07-cv-00252-AWI-TAG  HC
                                      )
9                   Petitioner,       )
                                      )    FINDINGS AND RECOMMENDATIONS
10      v.                            )    TO DISMISS PETITION FOR WRIT OF
                                      )    HABEAS CORPUS AS DUPLICATIVE
11                                    )    (Doc. 1)
   UNKNOWN,                           )
12                                    )    ORDER TO FILE OBJECTIONS WITHIN
                    Respondent.       )    TEN COURT DAYS
13  _____ )
                                           ORDER VACATING ORDER TO AMEND
14                                         DATED JANUARY 9, 2008
                                           (Doc. 9)
15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18          On August 25, 2006, Petitioner filed a petition for writ of habeas corpus in the United States

19  District Court for the Central District of California, which was subsequently transferred to the United

20  States District Court for the Eastern District of California and filed in this Court on September 13,

21  2006 and assigned the case number "1:06-cv-01256-LJO-TAG."  On February 9, 2007, Petitioner

22  filed the instant federal petition for writ of habeas corpus in this Court that was assigned the case

23  number "1:07-cv-00252-AWI-TAG."  (Doc. 1).  On May 24, 2007, Petitioner filed a third petition

24  for writ of habeas corpus in this Court that was assigned the case number "1:07-cv-00763-LJO-

25  TAG."   On July 19, 2007, Petitioner filed a fourth petition for writ of habeas corpus in this Court.

26  That petition was assigned the case number "1:07-cv-01067-LJO-TAG."   The Court has reviewed

27  all four of the pending federal petitions listed above and finds that the second, third, and fourth

28  petitions are duplicative.

1    On January 9, 2008, without realizing that Petitioner had filed three other similar petitions,

2    the Court ordered Petitioner to file an amended petition, explaining that the claims in the original

3    petition were incomprehensible to the Court.  (Doc. 9).  However, in light of the fact that Petitioner

4    has three other claims already pending and in the earliest of the four petitions, the Court has already

5    issued an Order to Show Cause why the petition should not be dismissed for lack of exhaustion, the

6    Court will vacate its January 9, 2008 order to amend and, instead, issue these Findings and

7    Recommendations to dismiss the instant petition in this action as duplicative.

8    "After weighing the equities of the case, the district court may exercise its discretion to

9    dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed

10   action, to enjoin the parties from proceeding with it, or to consolidate both actions."  Adams v.

11   California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have

12   'no right to maintain two separate actions involving the same subject matter at the same time in the

13   same court and against the same defendant.'"  Adams,  487 F.3d at 688 (quoting Walton v. Eaton

14   Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

15   In assessing whether a second action is duplicative of the first, the court examines whether

16   the causes of action and relief sought, as well as the parties or privies to the action, are the same.

17   Adams, 487 F.3d at 689.  First, the court must examine whether the causes of action in the two suits

18   are identical pursuant to the transaction test, developed in the context of claim preclusion.   Id.

19   Second, the court determines whether the defendants are the same or in privity.   Privity includes an

20   array of relationships which fit under the title of "virtual representation."  Kourtis v. Cameron, 419

21   F.3d 989, 996 (9th Cir. 2005).   "The necessary elements of virtual representation are an identity of

22   interests and adequate representation."  Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996).

23   "Additional features of a virtual representation relationship include a close relationship, substantial

24   participation, and tactical maneuvering."  Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at

25   996).

26   A plaintiff is required to bring at one time all of the claims against a party or privies relating

27   to the same transaction or event.  Adams, 487 F.3d at 693.  The court has discretion to dismiss a

28   duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action

and litigating piecemeal the issues which could have been resolved in one action." <u>Adams</u>, 487 F.3d

at 694 (quoting <u>Flynn v. State Bd. of Chiropractic Examiners</u>, 418 F.2d 668, 668 (9th Cir.1969) (per

curiam)).

In this case, all four petitions appear to stem from the same incident, allege the same claim,

and seek the same relief.  Although inartfully worded in each petition, Petitioner appears to have

been placed on probation in a "program" in lieu of a prison sentence that had a maximum "lid" of

thirteen years.  At some point during the "program," Petitioner was involved in an altercation that

resulted in him being placed in prison.  Each of the four pending petitions apparently seeks to allege

some sort of injustice from the fact that he is now serving a thirteen year sentence as a result of a

fistfight.  Although Petitioner uses slightly different words to express his position in each petition, all

four petitions appear to make the same claim and are based upon the same set of operative facts.

Therefore, the Court finds that the instant action should be dismissed.

## ORDER

Accordingly, the Court HEREBY ORDERS that the Order to Amend issued on January 9,

2008 (Doc. 9), is VACATED.

## RECOMMENDATIONS

Furthermore, the Court RECOMMENDS that the intant Petition for Writ of Habeas Corpus

be DISMISSED as duplicative.

These Findings and Recommendations are submitted to the United States District Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.  Within

ten (10) <u>court</u> days (plus three days if served by mail) after being served with a copy, any party may

file written objections with the court and serve a copy on all parties.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations."   The District Judge

will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file

///

///

objections within the specified time may waive the right to appeal the District Judge's order.

<u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 18, 2008**                                            **/s/ Theresa A. Goldner**
                                                                UNITED STATES MAGISTRATE JUDGE